**HUI LIN, aka Mayu Nakai, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 06–5661–ag.**

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former

Michael Brown, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Terri J. Scadron, Assistant Director; Sherrie Waldrup, Of Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

---

Attorney General Alberto R. Gonzales as respondent in this case.

## SUMMARY ORDER

Petitioner Hui Lin, a native and citizen of the People's Republic of China, seeks review of a November 15, 2006 order of the BIA denying her motion to reopen. *In re Hui Lin,* No. A076 140 640 (B.I.A. Nov. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying Lin's untimely and number-barred motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Lin argues that the BIA erred in finding that she failed to demonstrate either material changed country conditions excusing the applicable time and numerical limitations or her *prima facie* eligibility for relief. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to that which Lin submitted and have found no error in its conclusion that such evidence is insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

In addition, even if we were to accept Lin's argument that the BIA erred by failing to address her argument that she was eligible to file a successive asylum application, remand on that basis would be futile in light of our decision in *Yuen Jin v. Mukasey,* 538 F.3d 143, 156 (2d Cir.2008). *See Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007) (holding that even if a decision contains errors, it "will not be vacated and remanded if doing so would be futile").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).